# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **TIARE TECHNOLOGY, INC.** <br> Plaintiff, <br><br> v. | § <br> § <br> § <br> § <br> § | |
| **EL POLLO LOCO, INC. and EL POLLO LOCO HOLDINGS, INC.** | § <br> § <br> § | **Civil Action No. 2:22-cv-0045-JRG-RSP** <br> **(Lead Case)** |
| **McALISTER'S LLC,** | § <br> § <br> § | **Civil Action No. 2:22-cv-0047-JRG-RSP** <br> **(Member Case)** |
| **WINGSTOP, INC. and WINGSTOP HOLDINGS, INC.** <br> Defendants. | § <br> § <br> § | **Civil Action No. 2:22-cv-0048-JRG-RSP** <br> **(Member Case)** |

**PLAINTIFF TIARE TECHNOLOGY, INC.'S RESPONSE TO
DEFENDANT MCALISTER'S LLC'S MOTION TO DISMISS (DKT. 12)**

## I. INTRODUCTION

The Court should deny Defendant's Motion. The Motion is based on an alleged separation between Defendant and its Texas-based franchisees. But Defendant chose not to produce any franchise agreements with its Motion—instead relying on a 200-word conclusory declaration that does not speak to key venue issues. The public evidence shows that venue over Defendant is proper. At a minimum, Tiare is entitled to (and requests) venue discovery, including the franchise agreements Defendant withheld from its Motion and a deposition of Defendant's declarant. Last, should the Court find that venue is improper, Tiare requests that the Court decline to transfer the case to the Northern District of Georgia. For these reasons and those below, Tiare respectfully requests that the Court deny Defendant's Motion.

## II. RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED

1. Has venue been shown to be proper, viewing the facts in Tiare's favor, over Defendant?

2. Should the Court, in the alternative, deny Defendant's Motion without prejudice and provide Tiare with jurisdictional discovery?

## III. FACTUAL BACKGROUND

This case involves the McAlister's mobile-ordering application. *See generally* Complaint at ¶¶ 47–113. The application holds out each McAlister's restaurant as a McAlister's restaurant. *E.g.*, *id.* at ¶¶ 16–17, 65.



Using the McAlister's application, a user can place a curbside order from a McAlister's restaurant and, upon showing up, press "I'M HERE." Complaint, at ¶¶ 65, 71.



2

McAlister's website similarly holds out the retreatants, including in this District, as McAlister's restaurants. *Id.* at ¶ 15. McAlister's website similarly holds out the restaurants as places of McAlister's, including the following.[1]

> **WHEN WILL THERE BE A MCALISTER'S IN MY COMMUNITY?**
> Hopefully soon! We continue to grow and are always looking for great locations for our next restaurant. We would love to hear from you! Please keep in touch with us on Facebook or chat with us on Twitter – that'll be the first place we announce a restaurant opening up near you!

> **HOW DO I APPLY FOR A POSITION AT A MCALISTER'S RESTAURANT?**
> We appreciate your interest in working for McAlister's. Please visit our Careers page or contact the restaurant where you would like to work for additional employment information.

Tiare's Complaint includes the allegations regarding McAlister's presence in this District, including the restaurants (and associated employees) acting as McAlister's agents in connection with the mobile-ordering functionality provided by McAlister's (Complaint, at ¶¶ 14–17).

- "McAlister's operates multiple stores in this District. These stores are regular and established places of business of McAlister's."

- "McAlister's offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District. As non-limiting examples, McAlister's distributes the Accused Products directly to customers and through its partners, such as through the Apple App Store and Google Play. Among other business, McAlister's is in the business of providing mobile ordering in this District."

- "McAlister's website identifies stores within this District as its own stores, including in Plano, Texas, Beaumont, Texas, Denton, Texas, Longview, Texas, Tyler, Texas, and Texarkana, Texas, and among others."

- "McAlister's distributes its mobile ordering app to users located within this District. The use of the McAlister's application in this District provides for mobile ordering from stores in this District. McAlister's puts its mobile ordering application in service within this District to allow users within this District to order from stores in this District in a manner alleged to infringe the asserted claims, as detailed herein. On information and belief, McAlister's derives a significant portion of its revenue

---

[1] https://www.mcalistersdeli.com/faq.

from the use, promotion and distribution of its products and services in this District, including through the use of Defendant's application."

- "A user also is able to order from McAlister's stores in the user's local area, which includes this District. This is including based on the location of the user's mobile device to find nearby stores, including stores in this District. These locations are held out as a regular and established place of business of McAlister's. The stores within this District are, at the very least, McAlister's agents for the purposes of carrying out the mobile-ordering functionality asserted to infringe the claims."

## IV. APPLICABLE LAW

This Court is familiar with the legal standard to assess venue challenges under Section 1400(b) at the Rule 12(b)(3) stage. *See, e.g.*, *Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-CV-00100-JRG-RSP, 2020 U.S. Dist. LEXIS 32618, at *6-9 (E.D. Tex. 2020). This includes the standard to assess whether discovery is appropriate and the requirement that the Court must accept all allegations in the complaint as true and resolve all conflicts in favor of the plaintiff. *See id.* at *11; *AptusTech LLC v. Trimfoot Co.*, LLC, Civil Action No. 4:19-CV-00133-ALM, 2020 U.S. Dist. LEXIS 42712, at *3 (E.D. Tex. 2020) ("The Court 'must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.'") (citation omitted).

## V. ARGUMENT

### A. Venue is Proper Under Section 1400(b) Because the McAlister's Restaurants in This District Are Regular and Established Places of Businesses of McAlister's

Tiare has established that the restaurants in this District are regular and established places of business of Defendant. Tiare has alleged that Defendant has a regular and established place of business in this District, including via the restaurants in this District (and any employees) acting as Defendants agents, including in connection with the accused functionality Defendant provides.

Defendant does not provide any documentary evidence to counter those assertions, which the Court must accept at this stage. Defendant's challenges are instead based on a six-paragraph declaration (consisting of around 200 words) from a Human Resources employee at Focus Brands,

LLC to make three claims: (1) "[a]ll of the McAlister's locations in Texas are independently-owned and operated franchise locations of McAlister's restaurants"; (2) "McAlister's does not have the right to control the day-to-day operations of any of the McAlister's franchise locations in Texas"; (3) "McAlister's LLC does not own, rent, or lease any property in Texas"; and (4) "McAlister's LLC does not maintain any employees in Texas." Dkt. 12-2, at ¶¶ 3–6.

Other than the conclusory declaration, Defendant submits <u>no</u> evidence with its Motion. And, critically, while Defendant's argument hinges on the distinction between it and its alleged Texas-based franchisee(s), Defendant did not produce <u>any</u> franchise agreements (and Tiare inquired about those agreements on the meet-and-confer that led to this Motion) or even identify any franchisees. This decision left a significant hole in the record because "[w]hat matters" under the case law Defendant relies upon "is 'the nature and extent of such control as <u>defined in the franchise agreement or by the actual practice of the parties</u>.'" *In re Volkswagen Grp. of Am.*, 28 F.4th 1203, 2022 U.S. App. LEXIS 6094, at *12 (Fed. Cir. Mar. 9 2022) (emphasis added) (citations omitted). The *Volkswagen* case itself revolved around the details of the dealership agreements. *Id.* at *16–20. And without that evidence, Tiare is unable to test the credibility of the declaration. And the Court is without potentially key evidence on which to base a decision.

For example, the agreements likely speak to how allegedly "independent" the franchisees are, including with regard to providing curbside services through Defendant's application for pickup at the restraint. They likely also speak to how much control Defendant exercises over the franchisees (*e.g.*, what the declarant means by "the right to control the day-to-day operations" and what degree of control Defendant exercises) and whether the actions of restaurant employees are attributable to Defendant. This bears on the agency and ratification issues raised in Defendant's Motion. That analysis focuses on "the degree of control that the franchisor maintains,"

5

*Volkswagen*, 2022 U.S. App. LEXIS 6094, at *13 (quotation and citation omitted), and Defendant's declaration is silent on any details on "the degree of control."

Indeed, Defendant's actual practice shows that the restaurants and employees are acting as Defendant's agents and Defendant has ratified that conduct, including for the purposes relating to the alleged infringement. Defendant holds out the restaurants as its own restaurants to the public. This includes (as detailed above) in connection with the mobile-ordering functionality alleged to infringe. Defendant, for example, receives an order for a restaurant, determines and tracks the location of the mobile device executing the application, and instructs and controls the restaurant to fulfill the order. The restaurant and its employees are acting on Defendant's behalf and are its agents, including in connection with the mobile-ordering process. And Defendant ratifies that conduct through providing its mobile-ordering application, putting the McAlister's name on the restaurants, calling the restaurants "our restaurants," describing employees as "working for McAlister's," and the like as detailed above (*see* Section III). At no point in the mobile-ordering process does Defendant's mobile-ordering application identify a franchisee entity. Tiare thus submits that venue is proper in this District.

> **B.     At a Minimum, Tiare is Entitled to Jurisdictional Discovery—Including Any Agreements With All of Defendant's Texas-Based Franchisees**

Tiare also requests, in the alternative, that the Court provide Tiare with the opportunity to take venue discovery. This Court liberally grants jurisdictional discovery, especially when the Defendant possesses (but has withheld) the evidence that bears on the jurisdictional questions:

> "[J]urisdictional discovery should only be denied where it is impossible that the discovery 'could . . . add[] any significant facts' that might bear on the jurisdictional determination." "Put another way, jurisdictional discovery should typically be granted unless 'no amount of information . . . would strengthen' the movant's jurisdictional claims." The Court concludes that Ultravision may be able to add significant facts that might bear on the jurisdictional determination if further venue discovery were permitted.

6

> Consequently, the Court should deny Defendants Motion to Dismiss on the issue of improper venue and permit discovery into this issue.

*Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-CV-00100-JRG-RSP, 2020 U.S. Dist. LEXIS 32618, at *11 (E.D. Tex. 2020) (quoting *Blitzsafe Texas LLC v. Mitsubishi Electric Corp.*, 2:17-cv-00430-JRG, 2019 U.S. Dist. LEXIS 86350, at *3 (E.D. Tex. 2019)); *see also Secure Axcess, LLC v. Trustmark Nat'l Bank*, No. 6:13-CV-788, 2014 U.S. Dist. LEXIS 108789, at *7-8 (E.D. Tex. 2014) (granting request for discovery raised in opposition to Motion to Dismiss).

Jurisdictional discovery is particularly appropriate in this case. Defendant's Motion hinges on the alleged separation between Defendant and its franchisees. But Defendant has not produced the direct evidence that likely addresses that question (again, even though Tiare raised the issue on the meet-and-confer that led to this Motion). And the public evidence indicates that Defendant does exercise sufficient direction and control over its restaurants and ratifies their acts, including in connection with mobile ordering at those restaurants. Tiare also expects a deposition of Defendant's declarant (who is an HR employee of Defendant's parent corporation) and a Rule 30(b)(6) deposition will further shed light on the relationship between Defendant and its franchisees, including in connection with the mobile-ordering functionality alleged to infringe.

### C. Transfer to the Northern District of Georgia is Not Appropriate

Finally, should the Court conclude that Tiare has not shown that venue is proper in this Court, Tiare respectfully requests that the Court decline to transfer this case to the Northern District of Georgia. Other than that District allegedly being Defendant's headquarters, Defendant has not explained why the interests of justice favor that District under Section 1406. Tiare requests that the Court, should it conclude that venue is not proper, grant Tiare leave to amend the complaint to join any identified franchisees as parties to this action or dismiss this case without prejudice.

## VI. CONCLUSION

For the foregoing reasons, Tiare respectfully requests that the Court should deny Defendant's Motion to Dismiss.

Dated: May 12, 2022

Respectfully submitted,

By: */s/ Christian Hurt*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff Tiare Technology, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this May 12, 2022, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Christian Hurt*
Christian Hurt

9